**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HANGJUAN CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-950

Agency No.
A208-732-763

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Hangjuan Chen ("Chen"), a native and citizen of China, petitions for

review of a decision issued by the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") order denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").[1]  We

---

*  This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Chen does not appeal the agency's denial of her petition for protection under
CAT.

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion," we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal quotation marks and citation omitted). If the "totality of the circumstances" provides substantial evidence for an adverse credibility determination, we will uphold it. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

Substantial evidence supports the agency's adverse credibility finding. Chen alleges that she was persecuted in China due to her participation in a Christian church. The agency found that Chen testified inconsistently about whether she signed a confession statement while detained and whether she was required to report to the police after she was released from custody. The agency also found Chen's demeanor evasive and indicated a lack of candor because she was reluctant to address the inconsistencies when confronted with them. Finally, the agency found that Chen testified inconsistently about the veracity of the information provided in her visa application. The record does not compel a different conclusion. And, even if Chen provided plausible explanations for these inconsistencies, the agency was not compelled to accept her account. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021); *Garcia v. Holder*, 749 F.3d

2

785, 790–91 (9th Cir. 2014).  Therefore, substantial evidence supports the agency's denial of asylum and withholding of removal because Chen "cannot overcome the adverse credibility determination."  *Garcia*, 749 F.3d at 791.

Contrary to Chen's representation, both the IJ and BIA explicitly considered her age but found this factor insufficient under the totality of the circumstances.  Chen's argument asks this Court to reweigh the evidence, which it cannot do.  *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

**PETITION DENIED.**